**LOREN S. YOUNG, ESQ**.
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRIC LAMB,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Foreign Corporation; DOES 1-20, and ROE BUSINESS ENTITIES 1-20,<br><br>    Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** |

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION (hereinafter, "Defendant") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. § 1441(b).

**I.**    **INTRODUCTION**

On or about February 11, 2020, an action was commenced in the District Court of Clark County, State of Nevada, where this case is pending entitled *Patric Lamb v. Target Corporation, a Foreign Corporation, Does 1-20 and Roe Business Entities 1-20,* Case No. A-20-810292-C ("Complaint"). (*See* Complaint,  attached as Exhibit "A" to the Declaration of Loren S. Young in Support of Target Corporation's Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) (hereinafter, "Young Decl.") at ¶2.)

Defendant was served with a copy of the Summons and Complaint on or about February 12, 2020. (Young Decl. at ¶¶2-4.)  A copy of the summons is attached as Exhibit "B" to Young Decl. (Young Decl. at ¶3.)

The amount in controversy is not stated in the Complaint. (Ex. "A"; Young Decl. at ¶5.)  Instead, the Complaint merely alleges that Plaintiff seeks general and special damages in excess of $15,000.00. (Young Decl. at ¶5 and Ex. "A" at p. 5, lines 6-7 thereto.)  However, post-litigation, Plaintiff's counsel sent an email to Target's counsel on February 25, 2020, stating that Plaintiff presently has $47,331.23 in medical expenses.

Given the above, after being served with Plaintiff's Complaint, Target's counsel sent Plaintiff's counsel an email on February 25, 2020, requesting a discussion regarding this lawsuit as Target Corporation and Target's counsel have little information on this matter outside of the Complaint filed on February 11, 2020, to which Plaintiff's counsel responded on February 25, 2020 via email that Plaintiff presently has $47,331.23 in medical expenses.  (Young Decl. at ¶¶6-8 and Ex. "C" and Ex. "D" thereto.)  Accordingly, it is Target's understanding that Plaintiff in fact seeks damages in excess of $75,000.00 in this matter.

Defendant Target Corporation's Answer to Plaintiff's Complaint was filed and served on March 3, 2020.  (Young Decl. at ¶¶9-10.)  A copy of Defendant's Answer is attached as Exhibit "E" to Young Decl.

Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction. Moreover, this is an action that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3)[1].

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION**

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[1] Defendant Target voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Complaint.  Thus, this Notice of Removal is filed subject to and with reservation of rights by Defendant Target, including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, and any other defenses Defendant Target might pursue.

2
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  (28 USCS § 1441.)

District courts have original jurisdiction of all civil actions where the matter in controversy: (1) is between citizens of different States, and (2) exceeds the sum or value of $75,000.00, exclusive of interest and costs.  (28 USCS § 1332.)  As set forth below, both of these requirements are met here.

### A.  Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

As discussed below, complete diversity of citizenship exists in this matter between Plaintiff and Defendant because Plaintiff is a citizen of Nevada and Defendant is a citizen of Minnesota.

#### 1.  Plaintiff is a Citizen of Nevada.

Plaintiff was and is a citizen of Clark County, Nevada.  (See Young Decl. at Ex. "A", ¶1.)

#### 2.  Defendant is a Citizen of Minnesota.

For purposes of removal, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. (28 USCS § 1332(c).)

Defendant was and is a corporation incorporated under the laws of the State of Minnesota, has its principal place of business in the State of Minnesota, and is the only defendant that has been served with summons and complaint in this action. (Young Decl., ¶¶11-12; Declaration of Daniel Moore ("Moore Decl."), served herewith at ¶¶2-6.)

At all times material hereto, Target's corporate Headquarters and Executive Offices were and are located in Minneapolis, Minnesota.  (Moore Decl. at ¶3.)  At all times material hereto, Target's Executive Officers and senior management, including, but not limited to, the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Legal Officer, Chief Marketing Officer, Chief Human Resources Officer, and Chief Stores Officer, were and are located at Target Headquarters in Minnesota.  (Moore Decl. at ¶4.)

At all times material hereto, Target's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development, were and are performed at and promulgated from Target Headquarters in Minnesota.  (Moore Decl. at ¶5.)  At all times material hereto, Target's corporate

1  books, records, and accounts were and are created and maintained at Target Headquarters in Minnesota. (Moore Decl. at ¶6.)

In the U.S. Supreme Court case of *The Hertz Corporation v. Friend*, 130 S.Ct. 1181,1186 (2010), Petitioner Hertz Corporation, which was headquartered in New Jersey and performed "core executive and administrative functions" in that state, operated facilities in 44 states, including California. California accounted for 273 of the company's 1,606 car rental facilities, approximately 2,300 of its 11,230 full-time employees, approximately $811 million of its $4.371 billion in annual revenue, and about 3.8 million of its roughly 21 million annual rental transactions. (*Id*.) The Ninth Circuit affirmed the District Court's finding that Hertz' principal place of business was in California due to the substantial amount of business activities within the state. (*Id*. at 1187.)

The Supreme Court vacated the Ninth Circuit Court's ruling and remanded the case for further proceedings consistent with the Supreme Court's opinion, which was, specifically, that **the principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities", or the "nerve center," which is typically sited at the corporate headquarters**. (*Id*. at 1186 (emphasis added).)

The facts in *Hertz* are on point with those of the instant case. As set forth above, Defendant is headquartered in Minnesota and conducts its executive and administrative functions in Minnesota. Thus, the principal place of business, or the "nerve center," is located in Minnesota, where Defendant's high level officers direct, control, and coordinate the corporation's activities.

DOES 1-20 and ROE BUSINESS ENTITIES 1-20 are wholly fictitious parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(b)(1), this Court should disregard the citizenship of any defendant sued under the fictitious names. Accordingly, it is not necessary for other parties to join in this Notice of Removal Action.

Since Plaintiff was and is a citizen of Nevada, Defendant was and is a citizen of Minnesota, and no other parties will be joining in this removal action, the requirement for complete diversity of citizenship is satisfied.

///

///

### B. The Matter in Controversy Exceeds the Jurisdictional Amount

As set forth above, in order for a case between diverse citizens to be removable based on diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. (28 USCS § 1332.)

Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, courts apply a preponderance of the evidence standard. (*See e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007). The removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. (*Id.*) Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. (*Id.*) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (*Petsmart v. Cohn*, 281 F.3d 837, 840 (9th Cir. 2002) internal citations omitted).)

Here, it is unclear from the face of Plaintiff's state-court complaint whether the requisite amount in controversy is pled. (Young Decl. at ¶5 and Ex. "A" thereto.) Nonetheless, based on a preponderance of the evidence, the $75,000.00 amount in controversy requirement found in 28 U.S.C. § 1332 is satisfied in this instance for the following reason, which are set described more fully above:

- Plaintiff's counsel's post-litigation email to Target's counsel on February 25, 2020, stating that Plaintiff presently has $47,331.23 in medical expenses. (Young Decl. at ¶6 and ¶8 and Ex. "D" thereto.).

Based on the above, Target submits that it is more likely than not that Plaintiff's claims meet the amount in controversy amounts.

### III. REMOVAL IS TIMELY

This Notice of Removal is filed less than one (1) year after commencement of the action and in that regard is timely pursuant to 28 U.S.C. § 1446(c). (Young Decl., ¶14.)

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of

summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (28 U.S.C § 1446(b)(1).)

Where the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" from which it may first be ascertained that the case is one which is or has become removable. (28 U.S.C. § 1446(b)(3)).

Here, this Notice of Removal has been within thirty (30) days after service of Plaintiff's Complaint and within (30) days after it became first ascertained that the amount in controversy requirement is satisfied based on Plaintiff's counsel's post-litigation email to Target's counsel on February 25, 2020, stating that Plaintiff presently has $47,331.23 in medical expenses. (Young Decl. at ¶¶6-8.) Therefore, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

**IV.   NOTICE OF REMOVAL SERVED ON ALL ADVERSE PARTIES**

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a written notice of the removal to all adverse parties, including Plaintiff, and will file a copy of the notice with the clerk of the District Court of Clark County, County of Clark, State of Nevada, where this action is currently pending. (Young Decl. at ¶15.)

**V.   CONCLUSION**

The requirements for complete diversity of citizenship and the requisite amount in controversy are satisfied in this case. Therefore, this Court has subject matter jurisdiction and removal is proper. Accordingly, Defendant respectfully requests this action be removed from the District Court of Clark County, State of Nevada, to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441(b).

Defendant Target reserves the right to amend or supplement this Notice of Removal, and Target reserves all defenses.

Defendant Target also requests a trial by jury. (*See* Demand for Jury Trial, filed herewith.)

///

///

///

**WHEREFORE,** Defendant Target prays that this case be removed from the District Court of Clark County, State of Nevada, to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceedings be had in the District Court of Clark County, State of Nevada.

DATED this 12th day of March, 2020.

                                                 **LINCOLN, GUSTAFSON & CERCOS, LLP**

                                                _____
                                                **LOREN S. YOUNG, ESQ.**
                                                Nevada Bar No. 7567
                                                3960 Howard Hughes Parkway, Suite 200
                                                Las Vegas, Nevada 89169
                                                Attorneys for Defendant, TARGET CORPORATION

v:\k-o\lamb_target\atty notes\drafts\pldgs\20200310_notc_removal_bjp.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**