1  **LOREN S. YOUNG, ESQ**.
Nevada Bar No. 7567
2  **LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3  3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
4  Telephone: (702) 257-1997
Facsimile: (702) 257-2203
5  lyoung@lgclawoffice.com

6  Attorneys for Defendant, TARGET CORPORATION

7

8

9

10                    UNITED STATES DISTRICT COURT

11                        DISTRICT OF NEVADA

12  PATRIC LAMB,                          CASE NO.:

13          Plaintiff,

14  v.                                    **DECLARATION OF LOREN S.**
                                          **YOUNG IN SUPPORT OF NOTICE OF**
                                          **REMOVAL OF ACTION UNDER 28**
15  TARGET CORPORATION, a Foreign         **U.S.C. § 1441(b) (DIVERSITY)**
    Corporation; DOES 1-20, and ROE BUSINESS
16  ENTITIES 1-20,

17          Defendants.

18

19      I, LOREN S. YOUNG, declare as follows:

20      1.      I am an attorney duly licensed to practice law before all the courts of the State of Nevada

21  and the United States District Court for the District of Nevada. I am a partner in the law firm of Lincoln,

22  Gustafson & Cercos, LLP, attorneys of record for Defendant TARGET CORPORATION (hereinafter,

23  "Defendant" or "Target"). I am personally familiar with the within stated facts and would and could

24  testify based upon personal knowledge of the same, and as to those facts stated on information and

25  belief, I believe them to be true.

26      2.      A true and correct copy of the Complaint filed by Plaintiff Patric Lamb (hereinafter,

27  "Plaintiff") in the District Court of Clark County, State of Nevada, entitled *Patric Lamb v. Target*

28                                        1
    **DECLARATION OF LOREN S. YOUNG IN SUPPORT OF NOTICE OF REMOVAL OF**
    **ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

*Corporation, a Foreign Corporation, Does 1-20, and Roe Business Entities 1-20,* Case No. A-20-810292-C ("Complaint"), is attached hereto as Exhibit "A."

3.     A true and correct copy of the Summons that was served with the above-referenced Complaint on Defendant is attached hereto as Exhibit "B."

4.     On information and belief, Defendant was served with a copy of the Summons and Complaint on or about February 12, 2020.

5.     The amount in controversy is not stated in the Complaint.  The Complaint states that Plaintiff seeks general and special damages in excess of $15,000.

6.     After being served with Plaintiff's Complaint, Target's counsel sent Plaintiff's counsel an email on February 25, 2020,  requesting a discussion regarding this lawsuit as Target Corporation and Target's counsel have little information on this matter outside of the Complaint filed on February 11, 2020.   On February 25, 2020, Plaintiff's counsel responded to Target's counsel that Plaintiff presently has $47,331.23 in medical expenses.  Accordingly, it appears that Plaintiff in fact does seek damages in excess of $75,000.00 in this matter.

7.     A true and correct copy of Target's February 25, 2020 email to Plaintiff's counsel regarding requesting a discussion regarding this lawsuit is attached hereto as Exhibit "C."

8.     A true and correct copy of Plaintiff's counsel's email dated February 25, 2020 indicating Plaintiff presently has $47,331.23 in medical expenses is attached hereto as Exhibit "D."

9.     Defendant Target Corporation's Answer to Plaintiff's Complaint was filed and served on March 3, 2020.

10.     A true and correct copy of Defendant's Answer is attached hereto as Exhibit "E."

11.     On information and belief, Defendant was and is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota, and is the only Defendant that has been served with the Summons and Complaint in this action.

12.     On information and belief, Defendant's corporate headquarters are located in the State of Minnesota, where the company's executive and administrative functions are performed.

///

2

**DECLARATION OF LOREN S. YOUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

13.     This Notice of Removal is filed less than one (1) year after the commencement of the action.

14.     This case is filed within thirty (30) days after service of Plaintiff's Complaint and within (30) days after it became first ascertained that the amount in controversy requirement is satisfied for the reasons set forth above and in the Notice of Removal filed herewith.

15.     Defendant is serving a written notice of the removal to all adverse parties, including Plaintiff, and will file a copy of the notice with the clerk of the District Court of Clark County, State of Nevada, where this action is currently pending.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct, and if called upon to testify to the facts thereto, could and would do so competently.

Executed on March 12, 2020, in Las Vegas, Nevada.


LOREN S. YOUNG

v \k-o\lamb_target\atty notes\drafts\pldgs\20200310_decl_lsy_bjp.docx

3

**DECLARATION OF LOREN S. YOUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# Exhibit "A"

Electronically Filed
2/11/2020 3:57 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
RICHARD A. HARRIS, ESQ.
Nevada State Bar No.: 550
CHARLES S. JACKSON, ESQ.
Nevada State Bar No.: 13158
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone  (702) 444-4444
Fax     (702) 444-4455
Email: charlie@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-810292-C
Department 16

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PATRIC LAMB, individually;<br><br>                  Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, A Foreign<br>Corporation; DOES 1-20 and ROE BUSINESS<br>ENTITIES 1-20;<br><br>                  Defendants. | CASE NO.:<br>DEPT. NO.:<br><br><br><u>**COMPLAINT**</u> |

Plaintiff PATRIC LAMB, by and through his attorneys of record, Charles S. Jackson, Esq. of THE RICHARD HARRIS LAW FIRM, complains against Defendants, an each of them, as follows:

/ / /

/ / /

/ / /

1

2-25-2020

000315652G0001
Case Number: A-20-810292-C

602020025032467

## GENERAL ALLEGATIONS

1. That Plaintiff PATRIC LAMB (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of Clark County, Nevada.

2. That Defendant TARGET CORPORATION (Defendant TARGET) is, and at all times mentioned herein was, a foreign corporation or other business entity, licensed to do business in the County of Clark, State of Nevada and owns the property located at 605 N. Stephanie Street, Henderson, Nevada 89014 ("the Property").

3. That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the Property.

4. That Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Property.

5. That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

6. That Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the installation and construction of the area on the Property where the subject incident occurred.

7. That the true names and capacities of the Defendants designated herein as DOE or ROE CORPORATIONS are presently unknown to Plaintiff at this time, therefore, Plaintiff sues said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. That at all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were

2

RICHARD HARRIS
LAW FIRM

acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

9.    Plaintiff alleges that each of the Defendants designated as DOE or ROE Defendants is responsible in some manner for the damages alleged herein.

10.   That on or about April 20, 2018, in Clark County, Nevada, PATRIC LAMB was lawfully present at the Property.

11.   PATRIC LAMB was walking out of the restroom on the Property and slipped and fell on a liquid on the floor.

12.   Defendants knew that the flooring posed a continuing dangerous condition to Plaintiff and other similarly situated when it was wet.

13.   Defendants maintained and were in control of the Property.

14.   Defendants failed to follow their own policies and procedures and continually failed to follow their own policies and procedures such that the risk of the wet floor posed a permanent dangerous condition to Plaintiff and others similarly situated.

15.   Defendants had insufficient policies and procedures to protect Plaintiff and others similarly situated from slips and falls on wet flooring like the one Plaintiff suffered.

16.   Defendants, and each of them, failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property.

17.   Defendants negligently, carelessly, and recklessly maintained the area on the Property at or near the area where Plaintiff fell.

18.   Defendants, and each of them, should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

19.   That as a direct and proximate result of the negligence of all Defendants, Plaintiff sustained injuries to his back, hip, bodily limbs, organs and systems, all or some

3

of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.

20.   That as a direct and proximate result of the negligence of all Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

21.   That as a direct and proximate result of the negligence of all Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

22.   That as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (Negligence)

23.   Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

24.   Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

25.   Defendants breached this duty of care by failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

26.   Defendants' negligence directly and proximately caused Plaintiff serious injury.

27.   As a direct and proximate result of Defendants' negligence, Plaintiff sustained damages in a sum in excess of $15,000.

///

///

4

RICHARD HARRIS
LAW FIRM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1.    For special damages sustained by Plaintiff in excess of $15,000.00;

2.    For general damages sustained by Plaintiff in excess of $15,000.00;

5.    For reasonable attorney's fees and costs of suit;

6.    For interest at the statutory rate, and

7.    For such other relief as the Court deems just and proper.

Dated this 11th day of February, 2020.

RICHARD HARRIS LAW FIRM

/s/ Charles Jackson

CHARLES S. JACKSON, ESQ.
Nevada Bar No.: 13158
801 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

5

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, RICHARD HARRIS LAW FIRM, hereby demands a jury trial of all of the issues in the above matter.

DATED this 11th day of February, 2020.

RICHARD HARRIS LAW FIRM

*/s/ CHARLES JACKSON*

_____

CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
801 South Fourth Street
Las Vegas, Nevada  89101
*Attorneys for Plaintiff*

6

# Exhibit "B"

Electronically Issued
2/11/2020 3:57 PM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

PATRIC LAMB, individually;

        Plaintiff,

vs.

TARGET CORPORATION, A Foreign
Corporation; DOES 1-20 and ROE
BUSINESS ENTITIES 1-20;

        Defendants.

**CASE NO: A-20-810292-C
Department 16**

Case No.:

Dept No.:

**SUMMONS**

## NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### TARGET CORPORATION

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**RICHARD HARRIS LAW FIRM**
*/s/ Charles Jackson*
By: _____
Charles S. Jackson, Esq.
Nevada Bar No. 13158
801 South 4th Street
Las Vegas, Nevada 89101

**STEVEN D. GRIERSON**
CLERK OF COURT
*Marie Kramer*  _____  2/12/2020
Deputy Clerk             Date
· Marie Kramer

# Exhibit "C"

**Barbara Pederson**

| | |
|---|---|
| **From:** | Loren Young |
| **Sent:** | Tuesday, February 25, 2020 3:30 PM |
| **To:** | charlie@richardharrislaw.com |
| **Cc:** | Barbara Pederson |
| **Subject:** | Lamb, Patric v. Target |

Hello Mr. Jackson:

My firm was recently retained to represent Target Corporation in this matter.  I would like to discuss the case as I have little information outside of the complaint.  When do you have some time to talk?

**Loren S. Young, Esq.**
Managing Partner - Nevada
**LINCOLN, GUSTAFSON & CERCOS LLP**
**Experience.  Integrity.  Results.**
**California      Nevada      Arizona**

| | | |
|---|---|---|
| 550 West "C" Street, Suite 1400 | 3960 Howard Hughes Parkway, Suite 200 | 2415 E. Camelback Rd.,  Suite 700 |
| San Diego, California  92101 | Las Vegas, Nevada  89169 | Phoenix, Arizona  85016 |
| 619.233.1150;  619.233.6949 Fax | 702.257.1997; 702.257.2203 Fax | 602.606.5735; 602.508.6099 Fax |
| *www.lgclawoffice.com* | | |

**The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s). Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.**

Exhibit "D"

**Barbara Pederson**

| | |
|---|---|
| **From:** | Charlie Jackson <Charlie@richardharrislaw.com> |
| **Sent:** | Tuesday, February 25, 2020 5:02 PM |
| **To:** | Loren Young |
| **Cc:** | Barbara Pederson |
| **Subject:** | RE: Lamb, Patric v. Target |

Mr. Lamb underwent a leg injury which ultimately required a surgery.  He presently has $47,331.23 in medical expenses.  However, to my knowledge he does not need to continue with medical treatment, at this time.

**Charles Jackson**
Attorney



801 South 4th Street   Las Vegas, NV 89101
tel (702) 444-4444   fax (702) 444-4455

  

Confidentiality Notice:  This message and any attachments are for the named person's use only. The message and any attachment may contain confidential, proprietary, or privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you receive this message in error, please immediately notify the sender, delete all copies of it from your system, and destroy any hard copies of it. Please do not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. Further, this message shall not be considered, nor shall it constitute an electronic transaction, non-paper transaction, and/or electronic signature under any and all electronic acts including the Uniform Electronic Transfer Act and/or the Electronic Signatures in Global and National Commerce Act.

**From:** Loren Young <lyoung@lgclawoffice.com>
**Sent:** Tuesday, February 25, 2020 4:50 PM
**To:** Charlie Jackson <Charlie@richardharrislaw.com>
**Cc:** Barbara Pederson <BPederson@lgclawoffice.com>
**Subject:** Re: Lamb, Patric v. Target

Thanks for the response.  The only information I have so far is from the complaint that Plaintiff fell either near or inside the restroom.  So any information and details regarding what happened and about Plaintiff like plaintiff's age, DOB, address, alleged injuries and the alleged damages, and what is Plaintiff's current condition (is he still treating or are the injuries resolved).  My client wants to evaluate whether this case should be removed to Federal Court based on the damages.

I appreciate the information and look forward to working with you on this matter.

**Loren S. Young, Esq.**

Managing Partner - Nevada

**LINCOLN, GUSTAFSON & CERCOS LLP**

**Experience. Integrity. Results.**

**California    Nevada    Arizona**

550 West "C" Street, Suite 1400
San Diego, California 92101
619.233.1150;  619.233.6949 Fax

3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
702.257.1997; 702.257.2203 Fax

2415 E. Camelback Rd.,  Suite 700

Phoenix, Arizona 85016

602.606.5735; 602.508.6099 Fax

*www.lgclawoffice.com*

The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s). Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.

**From:** Charlie Jackson <Charlie@richardharrislaw.com>
**Sent:** Tuesday, February 25, 2020 4:32 PM
**To:** Loren Young <lyoung@lgclawoffice.com>
**Cc:** Barbara Pederson <BPederson@lgclawoffice.com>
**Subject:** RE: Lamb, Patric v. Target

Hey Mr. Young,

I am pretty busy but I may be able to speak to you tomorrow or Friday regarding this claim.  Do you have any particular questions I can answer via email?

Thank you,

**Charles Jackson**
Attorney

801 South 4th Street  Las Vegas, NV 89101
tel (702) 444-4444   fax (702) 444-4455

Confidentiality Notice:  This message and any attachments are for the named person's use only. The message and any attachment may contain confidential, proprietary, or privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you receive this message in error, please immediately notify the sender, delete all copies of it from your system, and destroy any hard copies of it. Please do not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. Further, this message shall not be considered, nor shall it constitute an electronic transaction,

non-paper transaction, and/or electronic signature under any and all electronic acts including the Uniform Electronic Transfer Act and/or the Electronic Signatures in Global and National Commerce Act.

**From:** Loren Young <lyoung@lgclawoffice.com>
**Sent:** Tuesday, February 25, 2020 3:30 PM
**To:** Charlie Jackson <Charlie@richardharrislaw.com>
**Cc:** Barbara Pederson <BPederson@lgclawoffice.com>
**Subject:** Lamb, Patric v. Target

Hello Mr. Jackson:

My firm was recently retained to represent Target Corporation in this matter.  I would like to discuss the case as I have little information outside of the complaint.  When do you have some time to talk?


**Loren S. Young, Esq.**

Managing Partner - Nevada

**LINCOLN, GUSTAFSON & CERCOS LLP**

Experience.  Integrity.  Results.

**California      Nevada      Arizona**

---

550 West "C" Street, Suite 1400
San Diego, California  92101
619.233.1150;  619.233.6949 Fax

3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada  89169
702.257.1997; 702.257.2203 Fax

2415 E. Camelback Rd.,  Suite 700

Phoenix, Arizona  85016

602.606.5735; 602.508.6099 Fax

*www.lgclawoffice.com*


The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s). Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.

# Exhibit "E"

Electronically Filed
3/3/2020 2:02 PM
Steven D. Grierson
CLERK OF THE COURT

1  ANS
2  **LOREN S. YOUNG, ESQ**.
   Nevada Bar No. 7567
3  **LINCOLN, GUSTAFSON & CERCOS, LLP**
   *ATTORNEYS AT LAW*
4  3960 Howard Hughes Parkway, Suite 200
   Las Vegas, Nevada 89169
5  Telephone:  (702) 257-1997
   Facsimile:  (702) 257-2203
6  lyoung@lgclawoffice.com

7  Attorneys for Defendant, TARGET CORPORATION

8

9                          DISTRICT COURT

10                    CLARK COUNTY, NEVADA

11

12  PATRIC LAMB, individually,              CASE NO.:  A-20-810292-C

13          Plaintiff,                      DEPT. NO.:  16

14  v.                                      **DEFENDANT TARGET
                                            CORPORATION'S ANSWER TO**
15  TARGET CORPORATION, a Foreign           **PLAINTIFF'S COMPLAINT**
    Corporation; DOES 1-20, and ROE BUSINESS
16  ENTITIES 1-20,

17          Defendants.

18

19          COMES NOW, Defendant, TARGET CORPORATION (hereinafter "DEFENDANT"), by

20  and through its counsel of record, the law firm of LINCOLN, GUSTAFSON & CERCOS, LLP, and

21  responds to Plaintiff's Complaint, and admits, denies and alleges as follows:

22                          **GENERAL ALLEGATIONS**

23          1.      In answering the allegations in Plaintiff's Complaint, Paragraph 1, this answering

24  Defendant is without sufficient knowledge and information necessary to form a belief as to the truth

25  or veracity of said allegations and on that basis therefore denies the same.

26          2.      In answering the allegations in Plaintiff's Complaint, Paragraph 2, this answering

27  Defendant admits that Target Corporation was a foreign corporation licensed to do business in the

28  County of Clark, State of Nevada.  This answering Defendant denies the remaining averments.

3.      In answering the allegations in Plaintiff's Complaint, Paragraph 3, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

4.      In answering the allegations in Plaintiff's Complaint, Paragraph 4, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

5.      In answering the allegations in Plaintiff's Complaint, Paragraph 5, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

6.      In answering the allegations in Plaintiff's Complaint, Paragraph 6, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

7.      In answering the allegations in Plaintiff's Complaint, Paragraph 7, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

8.      In answering the allegations in Plaintiff's Complaint, Paragraph 8, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

9.      In answering the allegations in Plaintiff's Complaint, Paragraph 9, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

10.      In answering the allegations in Plaintiff's Complaint, Paragraph 10, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

11.      In answering the allegations in Plaintiff's Complaint, Paragraph 11, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

///

12.     In answering the allegations in Plaintiff's Complaint, Paragraph 12, this answering Defendant denies the allegations contained therein.

13.     In answering the allegations in Plaintiff's Complaint, Paragraph 13, this answering Defendant admits the allegations contained therein.

14.     In answering the allegations in Plaintiff's Complaint, Paragraph 14, this answering Defendant denies the allegations contained therein.

15.     In answering the allegations in Plaintiff's Complaint, Paragraph 15, this answering Defendant denies the allegations contained therein.

16.     In answering the allegations in Plaintiff's Complaint, Paragraph 16, this answering Defendant denies the allegations contained therein.

17.     In answering the allegations in Plaintiff's Complaint, Paragraph 17, this answering Defendant denies the allegations contained therein.

18.     In answering the allegations in Plaintiff's Complaint, Paragraph 18, this answering Defendant denies the allegations contained therein.

19.     In answering the allegations in Plaintiff's Complaint, Paragraph 19, this answering Defendant denies the allegations contained therein.

20.     In answering the allegations in Plaintiff's Complaint, Paragraph 20, this answering Defendant denies the allegations contained therein.

21.     In answering the allegations in Plaintiff's Complaint, Paragraph 21, this answering Defendant denies the allegations contained therein.

22.     In answering the allegations in Plaintiff's Complaint, Paragraph 22, this answering Defendant denies the allegations contained therein.

## **FIRST CAUSE OF ACTION**

### **(Negligence)**

23.     In answering the allegations in Plaintiff's Complaint, Paragraph 23 this answering Defendant incorporates by reference its responses set forth in paragraphs 1 through 22.

24.     In answering the allegations in Plaintiff's Complaint, Paragraph 24, this answering Defendant states the allegations therein constitute conclusions of law and, thus, require no answer.

However, to the extent they constitute allegations of fact, upon information and belief, Defendant denies the allegations contained therein.

25.   In answering the allegations in Plaintiff's Complaint, Paragraph 25, this answering Defendant denies the allegations contained therein.

26.   In answering the allegations in Plaintiff's Complaint, Paragraph 26, this answering Defendant denies the allegations contained therein.

27.   In answering the allegations in Plaintiff's Complaint, Paragraph 27, this answering Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### I.

This answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### II.

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of unclean hands of Plaintiff and/or other entities or individuals, whether or not parties herein.

### III.

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of laches.

### IV.

This answering Defendant is informed and believes and thereon alleges that Plaintiff, by his conduct, and/or by the conduct of other entities and/or individuals, whether or not parties herein, are estopped from asserting any claim(s) for damages or seeking any other relief against this answering Defendant.

///

///

///

-4-

**V.**

This answering Defendant is informed and believes and thereon alleges that the causes of action set forth in the Complaint are barred pursuant to the provisions of NRS Sections 11.190, 11.202, 11.2055, et seq.

**VI.**

This answering Defendant is informed and believes and thereon alleges that damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

**VII.**

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Plaintiff was negligent, careless, reckless, and unlawfully conducted himself so as to directly and proximately contribute to the happening of the incident and the occurrence of Plaintiff's claimed damages, all of which said negligence either bars completely or partially the damages sought herein.

**VIII.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages if any and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part, or by expenditures that might reasonably having been made, and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate his damages.

**IX.**

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were intervening and superseding causes of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

**X.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff expressly, voluntarily and knowingly assumed all risks about which he complains in his Complaint, and therefore, is barred either totally or to the extent of said assumption from any damages.

**XI.**

It has been necessary for this answering Defendant to retain the services of an attorney to prosecute this action and it is entitled to a reasonable sum as and for attorneys' fees.

**XII.**

At all times relevant herein, this answering Defendant acted diligently and with due care in the performance of any duty owed to Plaintiff, if any.

**XIII.**

The incident alleged in Plaintiff's Complaint, and resulting damages, if any, were caused or contributed to by Plaintiff's own negligence which was greater than any negligence attributed to this answering Defendant, which is expressly denied by this answering Defendant.

**XIV.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery of any special damages for failure to specifically allege the types of special damages pursuant to NRCP 9(g).

**XV.**

This answering Defendant alleges that the damages, if any, to Plaintiff, as alleged, were proximately caused by a new, independent, and efficient intervening cause and not by any alleged negligence on the part of this answering Defendant.

**XVI.**

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

///

1      WHEREFORE, Defendant prays for judgment as follows:

2      1.    That Defendant has judgment against Plaintiff dismissing the Complaint on its merits;

3      2.    That Defendant has judgment against Plaintiff for its reasonable attorneys' fees and

4  costs of suit; and

5      3.    For such other and further relief as the court deems just and proper.

6      DATED this ___2___ day of March, 2020.

8          **LINCOLN, GUSTAFSON & CERCOS, LLP**

9          **LOREN S. YOUNG, ESQ.**
10        Nevada Bar No. 7567
            3960 Howard Hughes Parkway, Suite 200
11        Las Vegas, Nevada 89169
            Attorneys for Defendant, TARGET CORPORATION

13  v:\k-o\lamb_target\atty notes\drafts\pldgs\20200302_ans_bjp.docx

-7-

**Patric Lamb v. Target Corporation**
**Clark County Case No. A-20-810292-C**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of March, 2020, I served a copy of the attached **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** via electronic service to all parties on the Odyssey E-Service Master List as follows:

Charles S. Jackson, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
charlie@richardharrislaw.com
Attorneys for Plaintiff

Barbara J. Pederson, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\K-O\Lamb_Target\POS\20200303_ANS_bjp.doc

-1-