**LOREN S. YOUNG, ESQ**.
Nevada Bar No. 7567
**CAROLINE ROSKE REILLY, ESQ.**
Nevada Bar No. 13236
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRIC LAMB,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Foreign Corporation; DOES 1-20, and ROE BUSINESS ENTITIES 1-20,<br><br>    Defendants. | CASE NO.:  2:20-cv-00514-GMN-VCF<br><br>**STIPULATION AND ORDER** |

The parties hereby stipulate and agree:

(a) No Waiver by Disclosure. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product doctrine or consulting expert privilege ("Protected Information"), the disclosure of that Protected Information will not constitute a waiver in this or any other action of any claim of privilege

-1-

or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b) Notification Requirements. Best Efforts of Receiving Party. A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing or electronically, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege, work product protection or consulting expert privilege in accordance with paragraph (c) promptly (i) notify the Disclosing Party that it will make best efforts to return, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within ten (10) business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain why the Protected Information is privileged.

(c) Contesting Privilege or Work Product Protection. If the Receiving Party contests the claim of attorney-client privilege, work product protection or consulting expert privilege, the Receiving Party must within ten (10) business days of receipt of the notice of disclosure file a motion with the Court for an Order compelling disclosure of the information claimed as unprotected ("Disclosure Motion"). Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

(d) Stipulated Time Periods. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

(e) Attorney's Ethical Responsibilities. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(f) Burden of Proving Privilege or Work-Product Protection. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

(g) In camera Review. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

(h) Voluntary and Subject Matter Waiver. This Order does not preclude a party from voluntarily waiving the attorney-client privilege, work product protection or consulting expert privilege. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(i) Rule 502(b)(2). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

(j) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 26, 2020                                              DATED: June 26, 2020

RICHARD HARRIS LAW FIRM                                LINCOLN, GUSTAFSON & CERCOS LLP

/s/ Charles. S. Jackson                                          /s/ Caroline Roske Reilly
_____                              _____
Richard A. Harris, Esq.                                          Loren S. Young, Esq.
Nevada Bar No. 550                                               Nevada Bar No. 7567
Charles. S. Jackson, Esq.                                       Caroline Roske Reilly, Esq.
Nevada Bar No. 13158                                           Nevada Bar No.  13236
801 South Fourth Street                                         3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89101                                       Las Vegas, Nevada 89169
Attorneys for Plaintiff, PATRIC LAMB                 Attorneys for Defendant, TARGET COPORATION

IT IS SO ORDERED:

July 7, 2020

_____
UNITED STATES MAGISTRATE JUDGE

v:\k-o\lamb_target\atty notes\drafts\pldgs\20200611_sao_cac.docx