**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**CAROLINE ROSKE REILLY, ESQ.**
Nevada Bar No. 13236
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
lyoung@lgclawoffice.com
creilly@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRIC LAMB,<br><br>          Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Foreign Corporation; DOES 1-20, and ROE BUSINESS ENTITIES 1-20,<br><br>          Defendants. | CASE NO.:  2:20-cv-00514-GMN-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

Plaintiff, PATRIC LAMB, by and through his attorney of record, RICHARD HARRIS, ESQ., CHARLES S. JACKSON, ESQ. of the RICHARD HARRIS LAW FIRM; and Defendant, TARGET CORPORATION, by and through its attorneys of record, LOREN S. YOUNG, ESQ., and CAROLINE R. REILLY, ESQ. of the law firm LINCOLN, GUSTAFSON & CERCOS, LLP, hereby stipulate and request that the Court extend the discovery and dispositive motion deadlines by approximately one hundred and twenty (120) days. This extension is not sought for the purpose of delay or for any other untoward purpose.  This stipulation is based on the fact that additional time is necessary to conduct discovery; the majority of which relates to the COVID-19

directives. This is the parties' first request[1] to extend any discovery and dispositive motion deadlines in this matter.

Pursuant to Local Rule 26-4, the parties state as follows:

**I.    DISCOVERY COMPLETED TO DATE**

    a. The parties conducted the Fed. R. Civ. P. 26(f) conference.

    b. The parties have exchanged initial disclosures of documents and lists of witnesses and supplements thereto.

    c. Defendant has propounded requests for production of documents and interrogatories on Plaintiff. Plaintiff has responded to these requests.

    d. Plaintiff has propounded requests for production of documents, requests for admission, and interrogatories on Defendant. Defendant has responded to these requests.

    e. Plaintiff has served his First Supplemental Disclosure of Witnesses and Documents pursuant to FRCP 26.

    f. Plaintiff has served his Second Supplemental Disclosure of Witnesses and Documents pursuant to FRCP 26.

    g. Plaintiff has served his Third Supplemental Disclosure of Witnesses and Documents pursuant to FRCP 26.

    h. Target has served its First Supplement to its Disclosures Pursuant to FRCP 26(a)(1).

    i. Target has served its Second Supplement to its Disclosures Pursuant to FRCP 26(a)(1).

    j. Target has served its Third Supplement to its Disclosures Pursuant to FRCP 26(a)(1).

    k. Target disclosed Dr. Timothy Sutherland as an expert witness. Dr. Sutherland could not provide complete opinions because of the lack of pre-accident records and lack of SSD records. The lockdowns and closings related to the COVID-19 pandemic

---

[1] Target inadvertently filed a stipulation regarding discovery (ECF No. 12) as a stipulation for extension of time.

have created a situation where obtaining records is difficult, if not near impossible, especially government records.

  l. Target has subpoenaed documents from the US Social Security Administration.

  m. Target set the deposition of Plaintiff for October 28, 2020.

## II. DISCOVERY TO BE COMPLETED

  a. Deposition of Plaintiff and medical examination pursuant to FRCP 35.

  b. Deposition of Rule 30(b)(6) designee(s) of TARGET.

  c. Depositions of Plaintiff's treating physicians.

  d. Disclosure of expert witnesses and rebuttal.

  e. Depositions of fact witnesses.

  f. Depositions of expert witnesses.

  g. Additional written discovery.

  h. Supplemental responses to written discovery.

  i. Other discovery as necessary.

The above list is made without prejudice to the parties' ability to conduct additional discovery consistent with the Federal Rules of Civil Procedure.

## III. REASONS WHY THE DEADLINES WERE NOT AND CANNOT BE COMPLETED WITHIN THE CURRENT SCHEDULE

As evidenced by the foregoing, the necessary discovery has commenced. Pursuant to Local Rule 26-4, the parties submit they have excusable neglect to extend the initial expert disclosure deadline as the parties have experienced severe delays due to the COVID-19 pandemic. The lockdowns and closings related to the COVID-19 pandemic have created a situation where obtaining records is difficult, if not near impossible, especially governmental records. Until such time that both parties have received Plaintiff's complete medical and disability records, the parties' experts cannot conduct a complete medical records review and/or a Rule 35 medical examination and prepare expert reports. Consequently, additional time is necessary in order to complete the parties' expert disclosures and remaining discovery. Furthermore, given the current restriction on travel and/or personal contact necessitated by the COVID-19 pandemic, it is anticipated that most of the remaining discovery will not

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (1ˢᵗ Request)**

reasonably be able to occur for several months. Specifically, the variation of stay at home orders from state to state has frustrated travel in conducting certain fact witness depositions, party depositions, and Rule 35 examinations.

The parties have also met and conferred regarding Plaintiff's social security disability records and Plaintiff has agreed to provide Target with the SSA Consent for Release of Information Form. The parties agree that this request is not made for the purpose of delay, but to ensure a just adjudication of the case on the merits, and that neither party will be prejudiced by the requested extension.

IV. **PROPOSED SCHEDULE**

WHEREFORE, the parties respectfully request that this Court extend discovery deadlines as follows:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Deadline | 12/04/2020 | 04/05/2021 |
| Initial Expert Disclosure | 10/05/2020 | 02/02/2021 |
| Rebuttal Expert Disclosure | 11/04/2020 | 03/04/2021 |
| Dispositive Motions | 01/04/2021 | 05/04/2021 |
| Pretrial Order | 02/03/2021 | 06/03/2021 |

*If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.*

DATED this 13th day of October, 2020.                   DATED this 13th day of October, 2020.

**RICHARD HARRIS LAW FIRM**                              **LINCOLN, GUSTAFSON & CERCOS, LLP**

/s/ Charles S. Jackson                                   /s/ Caroline R. Reilly
_____                          _____
**CHARLES S. JACKSON, ESQ.**                             **LOREN S. YOUNG, ESQ.**
Nevada Bar No. 13158                                     Nevada Bar No. 7567
801 S. Fourth Street                                     **CAROLINE ROSKE REILLY, ESQ.**
Las Vegas, Nevada 89101                                  Nevada Bar No. 13236
*Attorneys for Plaintiff*                                3960 Howard Hughes Parkway, Suite 200
                                                         Las Vegas, NV 89169
                                                         *Attorneys for Defendant*

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated the 16th day of October, 2020.

v:\k-o\lamb_target\atty notes\drafts\pldgs\20201013_SAO Extend (1st)_crr.docx